IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TEASIA M. WARREN                                                                              PETITIONER

VS.                                                                CIVIL ACTION NO. 3:20-cv-616-DPJ-FKB

BILLY SOLLIE                                                                                  RESPONDENT

### REPORT AND RECOMMENDATION

This is an action for habeas relief pursuant to 28 U.S.C. § 2241. Petitioner, Teasia M. Warren, was arrested on September 5, 2019, by Lauderdale County officers pursuant to a warrant out of Jones County for shoplifting and conspiracy. [13-1]. She was transferred to Jones County authorities that same day. *Id.* at 2. On September 17, 2019, the Lauderdale County Municipal Court issued a warrant for her arrest on two counts of contributing to the delinquency or neglect of a child, and she was booked into the Lauderdale County Detention Facility. [13-2]. A preliminary hearing was held on September 26, 2019, and bond was set at $160,000. [13-4]. Counsel was appointed for her on October 28, 2019. [13-6] at 3. In November of 2019, after being transferred back and forth several times between Jones County and Lauderdale County, she returned to the Lauderdale County Detention Center, where she remains. [13-9]. In her petition, filed September 21, 2020, she states that she has not been indicted or brought before a judge.[1] She requests that the charges against her be dismissed and that she

---

[1] In his motion, Respondent states that, according to the office of the Lauderdale County District Attorney, Warren's indictment has been delayed because of delays with autopsy results for one of the victims and because of COVID restrictions causing the cancellation of grand jury terms. [13] at 3-4. He states that the district attorney's office stated that Warren's case was scheduled for the grand jury term in January of 2021. *Id.* at 4. The undersigned is unaware whether Warren has yet been indicted.

be released. Presently before the Court is Respondent's motion to dismiss. [13]. Warren has not responded to the motion.

While a state court detainee may raise a speedy trial claim under § 2241 in order to force the state to bring her to trial, she may not seek dismissal of state charges and release based upon her right to a speedy trial. *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citing *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973)). Thus, Warren's request for dismissal of the charges against her and release fails to state a claim under § 2241.

To the extent that Warren is seeking to force the state to indict her and bring her to trial, that claim fails, as it does not appear that she has exhausted her state court remedies. *See Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (judicially-crafted exhaustion requirement applies to § 2241). [2]

For these reasons, the undersigned recommends that Warren's claim for dismissal of her state court charges be dismissed for failure to state a claim, and that any claim to enforce her right to a speedy trial be dismissed for failure to exhaust state remedies.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R.

---

[2] She does not indicate in her petition that she has filed any motion to enforce her speedy trial right, and she has not responded to Respondent's allegation of failure to exhaust.

Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 17th day of May, 2021.

                                                  s/ F. Keith Ball
                                                  United States Magistrate Judge